UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIO TROLLINGER,<br>    Petitioner, | Case No. 1:17-cv-122 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, TOLEDO CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, an inmate at the Toledo Correctional Institution, in Toledo, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions and sentence in Hamilton County Case No. B-1006545 for murder, aggravated robbery, and having weapons under a disability.  (*See* Doc. 1, Page ID 1, 44; *see also* Doc. 9, at PageID 66-67).  This matter is now before the Court on respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit (Doc. 9) because it is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider without prior circuit court authorization.  Petitioner has not filed a response to respondent's motion.

**I.     BACKGROUND**

**Petitioner's State-Court Convictions**

In 2011, a Hamilton County jury convicted petitioner in Case No. B-1006545 of one count each of murder, aggravated robbery, and having weapons while under disability.  (*See* Doc. 1, at PageID 1).  The murder and aggravated robbery charges carried firearm specifications.  (*See Trollinger v. Warden*, No. 1:13-cv-667 (S.D. Ohio) (Doc. 10-1, at PageID 231-33)).[1]

---

[1]This Court takes judicial notice of the state-court record filed in petitioner's prior federal habeas corpus proceedings.  (*See Trollinger*, No. 1:13-cv-667).  This Court may take judicial notice of its own records.  *See* Fed. R. Evid. 201; *United States v. Doss*, 563 F.2d 265, 269 n.1 (6th Cir. 1977).  *See also Nat'l Fire Ins. Co. v. Thompson*,

Following merger, the trial court sentenced petitioner to an aggregate term of twenty-three years to life in the Ohio Department of Corrections. (*See Trollinger*, No. 1:13-cv-667 (Doc. 10-1, at PageID 231-33)).

On May 30, 2012, the Ohio Court of Appeals affirmed petitioner's convictions, and on October 10, 2012, the Supreme Court of Ohio dismissed the appeal as not presenting a substantial constitutional question. (*See Trollinger*, No. 1:13-cv-667 (Doc. 10-1, at PageID 284-93; 324)).

In the meantime, petitioner filed a pro se post-conviction petition to vacate, which the trial court denied on August 6, 2012. (*See Trollinger*, No. 1:13-cv-667 (Doc. 10-1, at PageID 346-60)). In January 2013, petitioner filed a pro se motion for new trial, which the trial court denied on January 17, 2013. (*See Trollinger*, No. 1:13-cv-667 (Doc. 10-1, at PageID 367)). Petitioner did not immediately appeal. On March 16, 2016, the Ohio Court of Appeals, having granted petitioner leave to file a delayed appeal, affirmed the trial court's judgments, and on August 31, 2016, the Supreme Court of Ohio denied petitioner's motion for delayed appeal.[2] In December 2016, petitioner filed another pro se post-conviction petition to vacate, which the trial

---

281 U.S. 331, 336 (1930) (citing cases), cited with approval in *Shuttlesworth v. Birmingham*, 394 U.S. 147, 157 n.6 (1969) (taking judicial notice of the court's own record of another case between the same parties).

[2]The Ohio Court of Appeals' March 25, 2015, Entry Granting Motion for Delayed Appeal and the court's March 16, 2016, Judgment Entry affirming the trial court's judgments denying petitioner's post-conviction motions are available at the Hamilton County Clerk of Court's website, in Case No. C-150173. A copy of the Supreme Court of Ohio's August 31, 2016, Entry denying petitioner's motion for a delayed appeal is also available in Case No. C-150173. The Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). Copies of the Ohio Court of Appeals' March 16, 2016, Judgment Entry and the Supreme Court of Ohio's August 31, 2016, Entry are also available as exhibits to petitioner's habeas petition in this case. (*See Trollinger*, No. 17-122 (Docs. 1-3, at PageID 39 (Supreme Court of Ohio's August 31, 2016, Entry); 1-4, at PageID 44-45 (Ohio Court of Appeals' March 16, 2016, Judgment Entry)).

2

court denied on February 10, 2017. It does not appear that petitioner appealed.[3] In May 2013, the Supreme Court of Ohio dismissed *sua sponte* petitioner's state complaint for a writ of habeas corpus. (*See Trollinger*, No. 1:13-cv-667 (Doc. 10-1, at PageID 382)).

**Petitioner's Prior Federal Habeas Proceeding**

In September 2013, petitioner filed in this Court a § 2254 petition for a writ of habeas corpus (his first), raising claims that: (1) Ohio R. Crim. P. 16(D) and (F) are unconstitutional as applied to him; (2) there was insufficient evidence to support his convictions; and (3) he is actually innocent of the crimes of conviction. (*Trollinger*, No. 1:13-cv-667 (Doc. 1)). On July 7, 2015, this Court dismissed the petition with prejudice. (*Trollinger*, No. 1:13-cv-667 (Docs. 17, 22, 28)). The Sixth Circuit denied a certificate of appealability. *Trollinger v. Moore*, No. 15-4173 (6th Cir. Apr. 25, 2016).

## II.  CURRENT FEDERAL HABEAS PETITION

In petitioner's current federal habeas petition (his second) and supporting memorandum (Docs. 1; 1-2),[4] he challenges the judgment in Case No. B-1006545 on three grounds:

**GROUND ONE**: Wheither [sic] the Supreme Court of Ohio abused its discretion by not granting the notice of appeal to file a delayed appeal.

Supporting Facts: The Ohio Supreme Court denied Petitioner's notice of appeal to file a delayed appeal, when adequate proof was presented to show good cause as to why the appeal was late.

---

[3]The trial court's February 10, 2017, entry denying petitioner's December 2016 motion for post-conviction relief is available at the Hamilton County Clerk of Court's website, in Case No. B-1006545. Although petitioner filed a motion for delayed appeal following the trial court's February 10, 2017, entry, it appears that he sought leave to file a delayed appeal with respect to his 2011 convictions. The Ohio Court of Appeals denied the motion, explaining "[a]ppellant is not hereby precluded from pursuing an appeal of the trial court's entry overruling his petition for postconviction relief, issued on February 10, 2017." *State v. Trollinger*, No. C-170216 (Ohio App. Jun. 7, 2017), available at the Hamilton County Clerk of Court's website, in Case No. C-170216.

[4]Petitioner filed the instant action in the United States District Court for the Northern District of Ohio. On February 17, 2017, the case was transferred to this Court. (*Trollinger*, No. 17-122 (Doc. 5)).

>**GROUND TWO**: Wheither [sic] the trial court abused it's [sic] discretion when it denied the motion for a new trial based on newly discovered evidence without issuing an evidentuary [sic] hearing.
>
>Supporting Facts: The [t]rial court denied the petitioner a evidentuary [sic] hearing with no basis, the affiliate is the states [sic] primary witness and the Murderer, and presented a sworn affidavit recanting his testimony and an evidentuary [sic] hearing was essential to the petitioner's claims of innocence.
>
>**GROUND THREE**: Actual Innocence.
>
>Supporting Facts: Petitioner is actually innocent of the charges of Murder, Aggravated Robbery, and Having Weapons While Under Disability.

(Doc. 1, at PageID 5-6, 8).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive

4

petition only if petitioner makes the *prima facie* showing described above.  *Id.  See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).  The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

      Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits."  *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

5

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[5]

The Supreme Court has held that a habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as

---

[5]*Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

6

well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

First, the undersigned concludes that petitioner's actual-innocence claim alleged in Ground Three is "successive" within the meaning of § 2244(b) because petitioner's first habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in that ground for relief. To the extent petitioner is reasserting a claim in Ground Three that was raised in his previous habeas petition, such a claim is subject to dismissal under 28 U.S.C. § 2244(b)(1). Furthermore, to the extent that petitioner has posited a new claim for relief in Ground Three, which was not asserted in his prior habeas petition, the claim is successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown that it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual bases for the claim could not have been discovered previously through the exercise of due diligence.

Similarly, to the extent that petitioner seeks in Grounds One and Two to challenge the underlying judgment of conviction and sentence that was entered in 2011, those grounds for relief are successive under 28 U.S.C. § 2244(b)(2). Ground One arguably is not successive only to the extent that petitioner is seeking to challenge the Ohio Supreme Court's ruling in August 2016 denying petitioner's motion for a delayed appeal—a matter that could not have been addressed in the earlier 2013 petition. (*See* Doc. 1-2, at PageID 19-22). Similarly, Ground Two arguably is not successive only to the extent that petitioner asserts that he was unaware at the time he filed his earlier 2013 petition that the trial court had ruled on his 2012 post-conviction

7

petition and his 2013 motion for new trial. (*See* Doc. 1-2, at PageID 22-25). Nevertheless, although the claims alleged in Grounds One and Two may not be successive within the meaning of 28 U.S.C. § 2244(b), they are subject to dismissal on the alternative ground that they do not constitute cognizable grounds for federal habeas relief.

The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, it is well-settled in the Sixth Circuit that the "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)). Petitioner's claims that the trial court erred in denying his 2013 motion for new trial without an evidentiary hearing (Ground Two) and that the Supreme Court of Ohio erred by denying a delayed appeal from the Ohio Court of Appeals' judgment affirming, among other things, the trial court's denial of that motion (Ground One), involve collateral matters that fall outside the scope of federal habeas review. *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.*, No.

8

1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on new evidence without a hearing).

Accordingly, in sum, the undersigned concludes that (1) the District Court lacks jurisdiction to consider the claim alleged in Ground Three[6] of the instant habeas corpus petition, as well as any claims in Grounds One and Two challenging the validity of the underlying convictions and sentence, because the claims are "successive" within the meaning of 28 U.S.C. § 2244(b); and (2) any non-successive claims alleged in Grounds One and Two challenging the trial court's 2013 denial of petitioner's motion for new trial without an evidentiary hearing and the Ohio Supreme Court's August 2016 denial of petitioner's motion for a delayed appeal are subject to dismissal because they do not constitute cognizable grounds for federal habeas relief.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that respondent's motion to transfer the petition (Doc. 9) be **GRANTED** as follows: (1) any non-successive claims alleged in Grounds One and Two

---

[6] At the close of his petition, petitioner also appears to challenge the sufficiency of the evidence supporting his convictions. (*See* Doc. 1, at PageID 31). To the extent he does so, the claim is "successive" within the meaning of § 2244(b) and should also be transferred to the Sixth Circuit Court of Appeals for the reasons stated herein.

9

challenging the trial court's 2013 denial of petitioner's motion for new trial without an evidentiary hearing and the Ohio Supreme Court's August 2016 denial of petitioner's motion for delayed appeal should be dismissed with prejudice; and (2) the claim alleged in Ground Three, as well as any claims in Grounds One and Two challenging the validity of the underlying convictions and sentence, should be transferred to the Sixth Circuit for review and determination as to whether the District Court should be granted authorization to consider them.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to transfer the petition (Doc. 9) be **GRANTED** as follows: Ground Three, and any claims in Grounds One and Two challenging the 2011 judgment of conviction and sentence, should be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the District Court may consider the successive claims for relief; and any non-successive claims alleged in Grounds One and Two challenging the trial court's 2013 denial of petitioner's motion for new trial without an evidentiary hearing and the Ohio Supreme Court's August 2016 denial of petitioner's motion for delayed appeal should be dismissed with prejudice because they do not constitute cognizable grounds for federal habeas relief.

2. A certificate of appealability should not issue with respect to the non-successive claims alleged in Grounds One and Two of the petition, which were addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

     3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARIO TROLLINGER,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, TOLEDO CORRECTIONAL<br>INSTITUTION,<br>    Respondent. | Case No. 1:17-cv-122<br><br>Dlott, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).